# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN K. HARRINGTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-01215-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Darren Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2010, Plaintiff filed a motion for a temporary restraining order.[1] (Doc. #1.)

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

---

[1] Due to the manner in which Plaintiff filed his complaint and motions, Plaintiff's motion for a temporary restraining order was erroneously labeled as a complaint.

1

"[A] preliminary injunction [or temporary restraining order] is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a preliminary injunction or temporary restraining order simply cannot prevail when that motion is unsupported by evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's motion fails to describe any specific threat of future irreparable harm.  Plaintiff requests that the Court restore his "A2B work privilege group privileges" and order prison officials to provide him with a television.  It is unclear what irreparable harm, if any, Plaintiff will suffer if he is not provided with "A2B work privilege group privileges" and a television.  Further, Plaintiff's motion fails to persuasively demonstrate that he is likely to succeed on the merits of this action.  Finally, Plaintiff has failed to argue why the balance of the equities tips in favor of Plaintiff receiving work privileges and a television or why the requested relief is in the public interest.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised

///

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      February 2, 2011**                              /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE