# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>                    Plaintiff,<br><br>       v.<br><br>K. HARRINGTON, et al.,<br><br>                    Defendants. | CASE NO. 1:10-cv-01215-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>(ECF No. 27)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Darren Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2011, Plaintiff filed a motion seeking leave to amend his complaint. The Court will grant Plaintiff's motion to file an amended complaint.

    In his motion Plaintiff states that he wishes to amend his complaint to exhaust administrative remedies for additional rights violated. Plaintiff is advised that administrative remedies must be exhausted prior to the initial date that he filed this action. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).

    Additionally, Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but

Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

      Accordingly, it is HEREBY ORDERED that Plaintiff is granted leave to file an amended complaint within **thirty (30) days** from the date of service of this order.

      IT IS SO ORDERED.

**Dated:     March 31, 2011**                                     /s/ Sandra M. Snyder
                                                               UNITED STATES MAGISTRATE JUDGE